WAGNER CHOI & VERBRUGGE
Attorneys at Law

JAMES A. WAGNER
CHUCK C. CHOI
ALLISON A. ITO
745 Fort Street, Suite 1900
Honolulu, Hawaii 96813
Telephone: (808) 533-1877
Fax: (808) 566-6900
Email: jwagner@hibklaw.com
cchoi@hibklaw.com
aito@hibklaw.com

Proposed Attorneys for Debtor
and Debtor-in-Possession

## IN THE UNITED STATES BANKRUPTCY COURT

### FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re | BK. NO. 15-00203 |
| | (Chapter 11) |
| POMARE, LTD., dba | |
| HILO HATTIE, | |
| | HEARING |
| Debtor and | DATE: **To be assigned** |
| Debtor-in-Possession. | TIME: **To be assigned** |
| | JUDGE: Hon. Robert J. Faris |

73937

## MOTION FOR ORDER AUTHORIZING DEBTOR TO USE CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363(c)(2); EXHIBITS "A" –"B"

POMARE, LTD., dba HILO HATTIE, debtor and debtor-in-possession herein (the "Debtor"), hereby moves this Court, pursuant to 11 U.S.C. § 363(c)(2) and Rules 4001(d) and 9014 of the Federal Rules of Bankruptcy Procedures and LBR 4001-2 for an order authorizing the Debtor to use cash

1

U.S. Bankruptcy Court - Hawaii  #15-00203   Dkt # 6   Filed  02/19/15   Page 1 of 26

collateral. In support of this motion (the "Motion"), the Debtor respectfully represents as follows:

## BACKGROUND

1. On February 19, 2015 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Hawaii (the "Court").

2. The Omnibus Declaration of Mark J. Storfer in Support of First Day Motions (the "Storfer Declaration") filed contemporaneously herewith is incorporated herein by reference. As more fully disclosed in the Storfer Declaration, the Debtor successfully confirmed a plan of reorganization in "Pomare I" pursuant to an order entered on October 2, 2009.

3. However, most of the Debtor's outer island locations continued to underperform relative to projections. For the fiscal year ending September 27, 2014, the Debtor's operating loss totaled more than $5 million. Consequently, in the past 30 days, the Debtor closed three of its seven retail stores located in Kihei, Maui, and in Hilo and Kona, Hawaii. The Debtor currently operates at four locations, its flagship Nimitz Highway location, Ala Moana Shopping Center, Lahaina, and Lihue.

4. As of the Petition Date, the Debtor was holding approximately $1,000 in cash in its various accounts and held approximately $2.2 million in inventory at

U.S. Bankruptcy Court - Hawaii   #15-00203   Dkt # 6   Filed 02/19/15   Page 2 of 26

cost. The Debtor's major assets consist of the value of its Nimitz leasehold, which is believed to be in excess of $4 million and inventory valued at cost at $2.2 million.

5. The Debtor has one creditor which holds a blanket lien on the Debtor's inventory, receivables and other personal property assets, First Hawaiian Bank ("FHB"), which is owed approximately $850,000.00. In addition to the FHB secured indebtedness, the State of Hawaii has recorded a lien for approximately $130,000 in taxes. The Debtor also has approximately $9 million in accounts payable (including more than $4 million owed to Royal Hawaiian Creations), and approximately $2.76 million of unsecured notes payable to Donald Kang, its owner. Further, the Debtor's obligations to its landlords are estimated to be approximately $2.6 million.

## SUMMARY OF CASH COLLATERAL RELIEF SOUGHT

6. Attached hereto as Exhibit "A" is a true and correct copy of a Financing Statement and Lien Report for the Debtor dated as of January 8, 2015 (the "UCC Report"). The only UCC creditors identified in the UCC Report are: (a) First Hawaiian Bank ("FHB"); (b) Cisco/CSC for a computer systems equipment lease; and (c) the United States Postal Service for postage.

7. FHB has extended two separate short term loans to the Debtor (both maturing on March 1, 2015), as follows:

U.S. Bankruptcy Court - Hawaii   #15-00203   Dkt # 6   Filed 02/19/15   Page 3 of 26

a. Term Loan dated as of December 1, 2014, in the original principal amount of $584,599.00, from FHB to the Debtor as borrower, which accrues interest at the rate of 1.5% over FHB's prime rate; and

b. Term Loan dated as of December 1, 2014, in the original principal amount of $249,886.00, from FHB to Donald Kang and the Debtor as borrowers.

8.     The current monthly interest payments on the two FHB loans are $2,957.50 and $1,264.18, respectively.  The Debtor is current on the FHB loans, having made interest payments through February, 2015.

9.     Attached to the Motion as Exhibit "B" is the Debtor's cash flow forecast for the period from the Petition Date through June 30, 2015 (the "Cash Budget") projecting the expected cash flow from the Debtor's operations for the period during which the Debtor requests the use of the Cash Collateral.

10.     The Debtor requests authority to use the Cash Collateral to pay the reasonable and ordinary expenses of operating its business, including, without limitation, payroll and benefit expenses, payroll taxes, real property taxes, federal and state taxes, supplies and equipment, advertising, utility services, insurance, vendor and supplier services, and other expenditures as are necessary for operating their businesses and preserving its going concern value.

4

11.     The Debtor also requests authority to use the Cash Collateral to pay the reasonable and ordinary expenses to administer its estate in bankruptcy, including, without limitation, quarterly fees payable to the United States Trustee, and payment of the fees and reimbursement of costs to the Debtor's professionals and any professional retained with the Court's approval by any statutory committees appointed in the Chapter 11 case, in amounts approved by the Court.

12.     The Debtor's authority to use Cash Collateral shall be limited to payment of not more than 115% of the expenses each period (on an aggregate and cumulative basis), as set forth in the Budget; provided, however, that the Debtor is not limited by line item with respect to actual expenses.

13.     The only UCC creditor with an interest in the Debtor's cash collateral is FHB.  As adequate protection for the Debtor's use of FHB's Cash Collateral existing as of the Petition Date ("Pre-Petition Collateral"), the Debtor proposes: (a) to continue making monthly interest payments to FHB at the contract (not default) rate; and (b) to grant FHB replacement liens (the "Replacement Liens") in the estate's post-petition assets, and the proceeds thereof (the "Replacement Collateral"), to the same extent and priority as any lien held by FHB in the Pre-Petition Collateral as of the Petition Date, limited to the amount of Pre-Petition Collateral as of the Petition Date.  The Replacement Liens would thus be granted with the same validity and priority and to the same extent and as FHB's prepetition

5

liens, and would be subject to the same rights and challenges by or on behalf of the Debtor. The amount secured by the Replacements Liens shall be equal to any actual net diminution of FHB's Cash Collateral due to the Debtor's use thereof. The Replacement Liens shall be valid, perfected and enforceable against the Replacement Collateral without further filing or recording of any document or instrument or the taking of any further action. However, the Replacement Liens shall be subject to and subordinate to the fees and expenses of a Chapter 7 trustee, if one is appointed, but not including the expenses of the Chapter 7 trustee's professionals.

## THE COURT SHOULD AUTHORIZE USE OF CASH COLLATERAL

14. A debtor's use of estate property is governed by Bankruptcy Code Section 363. Section 363(a) defines "cash collateral" as:

> cash, negotiable instruments, documents of title, securities, deposit accounts, or other cash equivalents whenever acquired in which the estate and an entity other than the estate have an interest and includes the proceeds, products, offspring, rents, or profits of property and the fees, charges, accounts or other payments for the use or occupancy of rooms and other public facilities in hotels, motels, or other lodging properties *subject to a security interest as provided in section 552 (b) of this title*, whether existing before or after the commencement of a case under this title.

11 U.S.C. § 363(a) (emphasis added).

6

Bankruptcy Code Section 363(c)(2) permits a debtor to use cash collateral if either of two alternate circumstances exist:

> (A)   each entity that has an interest in such collateral consents; or
>
> (B)   the court, after notice and a hearing, authorizes such use . . . in accordance with the provisions of this section.

11 U.S.C. § 363(c)(2).  Therefore, the Court may authorize use of a creditor's cash collateral in the absence of creditor consent.[1]

15.    Authority to use Cash Collateral is  consistent with the very purposes for which Chapter 11 exists:

> A debtor, attempting to reorganize a business under Chapter 11, clearly has a compelling need to use 'cash collateral' in its effort to rebuild. Without the availability of cash to meet daily operating expenses such as rent, payroll, utilities, etc., the congressional policy favoring rehabilitation over economic failure would be frustrated.

Chrysler Credit Corp. v. Ruggiere (In re George Ruggiere Chrysler-Plymouth, Inc.), 727 F.2d 1017, 1019 (11th Cir. 1984).

16.    Courts will allow the use of cash collateral when the use tends to enhance or preserve the debtor's reorganization value.  See, e.g., Stein v. United States Farmers Home Administration (In re Stein), 19 B.R. 458, 460 (Bankr. Pa. 1982) (debtor was granted authority to use cash collateral where the secured party

---

[1]    The Debtor does not believe FHB will oppose use of its Cash Collateral.

U.S. Bankruptcy Court - Hawaii   #15-00203   Dkt # 6   Filed  02/19/15   Page 7 of 26

was undersecured because the use of cash collateral was necessary to the debtor's continued operations and the creditor's "secured position can only be enhanced by the continued operation of the [debtor's business]"); In re Dynaco Corp., 162 B.R. 389, 396 (Bankr. D.N.H. 1993) (finding that the alternative to the debtor's use of cash collateral – termination of the debtor's business – would doom the reorganization and any chance to maximize value for all of the creditors).

17.     Pursuant to Section 363(e), "on request of an entity that has an interest in property used, sold or leased, or proposed to be used, sold, or leased, by the trustee, the court, with or without a hearing, shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest." 11 U.S.C. § 363(e) (emphasis added). Thus, the Court may authorize the Debtor to use a secured creditor's cash collateral if their interest in such collateral is adequately protected.

18.     Bankruptcy Code Section 361 addresses the issue of adequate protection, and although adequate protection is not defined therein, several non-exclusive methods of adequate protection are enumerated:

> When adequate protection is required under section 362, 363, or 364 of this title of an interest of an entity in property, such adequate protection may be provided by–
>
> > (1)   requiring the trustee to make a cash payment or periodic cash payments to such entity, to the extent that the stay under section 362 of this title, use, sale, or lease under section 363 of this title, or any grant of a lien under

8

section 364 of this title results in a decrease in the value of such entity's interest in such property;

(2) providing to such entity an additional or replacement lien to the extent that such stay, use, sale, lease, or grant results in a decrease in the value of such entity's interest in such property; or

(3) granting such other relief, other than entitling such entity to compensation allowable under section 503(b)(1) of this title as an administrative expense, as will result in the realization by such entity of the indubitable equivalent of such entity's interest in such property.

11 U.S.C. §361. Adequate protection is aimed not at protecting precise collateral, but protecting the value of the secured creditor's interest in collateral. <u>In re Williams</u>, 7 B.R. 234, 237. (Bankr. M.D.Ga. 1980) (Though a creditor may not be able to retain his lien upon the specific collateral held at the time of filing, the purpose of section 361 is to insure that the secured creditor receives the value for which he bargained).

19. It is only when the value of a secured creditor's interest in collateral is likely to decline post-petition that added protection is needed:

The analysis of the Supreme Court in <u>Timbers</u> is instructive here. <u>The phrase "interest in property" in § 363(e) means the value of the collateral. That is the interest that I am required to protect</u>. If that value is likely to diminish during the time of the use, adequate protection must be provided by the Debtor.

<u>In re McCombs Properties VI, Ltd.</u>, 88 B.R. 261, 266 (Bankr.C.D.Cal. 1988) (emphasis added). <u>Accord</u>, <u>In re Delta Resources, Inc.</u>, 54 F.3d 722, 730 (11th

9

Cir.), cert. denied, 64 U.S.L.W. 3348 (1995); In re Westchase I L.P., 126 B.R. 692, 694-95 (W.D.N.C. 1991).

## FHB IS ADEQUATELY PROTECTED BY THE GOING CONCERN VALUE OF THE BUSINESS AND THE REPLACEMENT LIENS

20.     Courts should take a pragmatic approach when assessing whether a secured creditor is adequately protected, and that may require consideration of whatever factors are relevant to a particular debtor.  See, e.g., In re Rogers, 239 B.R. 883, 887 (Bankr. E.D.Tex. 1999):

> The determination of whether a creditor's interest is adequately protected is not an exact science nor does it involve a precise arithmetic computation.  Rather, it is pragmatic and synthetic, requiring a court to balance all relevant factors in a particular case, including the value of the collateral, whether the collateral is likely to depreciate over time, the debtor's prospects for a successful reorganization and the debtor's performance under the plan.  In re Olick, 221 B.R. 146, 161 (Bankr.E.D.Pa.1998).  Other considerations may include the balancing of hardships between the parties and whether the creditor's property interest is being unduly jeopardized.  Id.

The Bankruptcy Code expressly provides that the granting of additional liens constitutes a means of providing adequate protection.  11 U.S.C. § 361(2) ("adequate protection may be provided by . . . an additional or replacement lien to the extent that such. . . use . . . results in a decrease in the value of such entity's interest in such property.").

10

21.    Courts have recognized that the granting of replacement liens, coupled with the continued operations of the debtor, provides adequate protection of a creditor's interest in cash collateral used by the debtor.  See, e.g., Mbank Dallas v. O'Connor (In re O'Connor) 808 F.2d 1393, 1196-96 (10th Cir. 1987) (debtor authorized to use cash collateral to drill gas wells where creditors offered replacement liens of equal or greater value on well proceeds and other regular income).

22.    Accordingly, where a debtor's use of cash collateral protects its secured creditor from such loss, the secured creditor is adequately protected without any other form of adequate protection.  See, e.g., Orix Credit Alliance, Inc. v. Delta Resources, Inc., (In re Delta Resources, Inc.), 54 F.3d 722, 730 (11 Cir. 1995); In re Westchase I Associates, L.P., 126 B.R. 692,694 (Bankr. W.D.N.C. 1991) ("Thus, if the value of the property itself is not declining, as is the case here, the creditor would not be entitled to protection of the accruing interest value of the claim.").

## IMMEDIATE RELIEF IS APPROPRIATE IN THIS CASE BECAUSE THE CONTINUATION OF THE DEBTOR'S BUSINESSES DEPEND UPON AUTHORIZATION TO USE CASH COLLATERAL

23.    In enacting section 363 of the Bankruptcy Code, Congress specifically recognized that it might be necessary to schedule expedited hearings on requests for authorization to use cash collateral because of the business exigencies of

11

individual cases. Section 363(c)(2)(B) authorizes the use, sale, or lease of cash collateral "after notice and a hearing." Section 363(c)(3) provides, in pertinent part:

> Any hearing under paragraph (2)(B) of this subsection may be a preliminary hearing or may be consolidated with the hearing under subsection (e) of this section, but shall be <u>scheduled in accordance with the needs of the debtor</u> . . . <u>The court shall act promptly on any request for authorization under Paragraph (2)(B) of this subsection</u>.

11 U.S.C. § 363( c)(3) (emphasis added).

24.     Similarly, the Ninth Circuit Court of Appeals has recognized that <u>ex parte</u> interim relief may be crucial to the success of a reorganization:

> We realize that "in certain circumstances the entire reorganization effort may be thwarted if emergency relief is withheld" and that reorganization under the Bankruptcy Code "is a perilous process, seldom more so than at the outset of the proceedings when the debtor is often without sufficient cash flow to fund essential business operations." [citation omitted] . . . It is for this very reason that Congress specified that hearings concerning the use of cash collateral "shall be scheduled in accordance with the needs of the debtor."

<u>Owens-Corning Fiberglass Corp. v. Center Wholesale, Inc. (In re Center Wholesale, Inc.</u>, 759 F.2d 1440, 1449 n. 21 (9th Cir. 1985).

25.     Rule 4001(b)(2) of the Federal Rules of Bankruptcy Procedure provides that, at a preliminary hearing, the "court may authorize the use of <u>only the amount of cash collateral as is necessary to avoid immediate and irreparable harm</u>

U.S. Bankruptcy Court - Hawaii   #15-00203   Dkt # 6   Filed 02/19/15   Page 12 of 26

to the estate pending a final hearing." Fed. R. Bankr. Proc. Rule 4001(b)(2) (emphasis added).

26.    The Debtor requests, to avoid immediate and irreparable harm to the estate, the Court, at the preliminary hearing, authorize the Debtor to use Cash Collateral through the date of the final hearing. The Debtor must have the immediate use of Cash Collateral to meet payroll, to meet the daily costs and expenses of operating, to promptly pay its vendors, and to acquire goods and services to keep the Debtor operating. Any delay in the Debtor's ability to meet any of these needs could deprive the Debtor of its business and the ability to successfully reorganize its financial affairs, to the prejudice of all creditors and parties in interest.

## THE COURT SHOULD SCHEDULE A FINAL
## HEARING ON THE MOTION AS SOON AS PRACTICABLE

27.    Rule 4001(b) of the Federal Rules of Bankruptcy Procedure provides that "the court may commence a final hearing on a motion for authorization to use cash collateral no earlier than 14 days after service of the motion." Fed. R. Bank. Proc. Rule 4001(b)(2) (emphasis added).

28.    The Debtor requests the Court set a final hearing on the Motion on or about March 16, 2015. The Debtor further requests that, at the final hearing on the Motion, the Court authorize the Debtor to continue to use revenues from the Cash

13

Collateral for the Debtor's projected expenses, in accordance with the Cash Budget.

## CONCLUSION

WHEREFORE, the Debtor respectfully requests that the Court:

A.      enter an order authorizing, on an interim basis, the Debtor's immediate use of the cash collateral in accordance with this motion;

B.      setting a final hearing on this motion; and

C.      for such other and further relief as the Court may deem just and proper.

DATED:      Honolulu, Hawaii, February 19, 2015.


/s/ James A. Wagner
JAMES A. WAGNER
CHUCK C. CHOI
ALLISON A. ITO
Proposed Attorneys for Debtor and
Debtor-in-Possession

14



# TITLE GUARANTY OF HAWAII, INC.

235 Queen Street • Honolulu, HI 96813
Phone: (808) 533-6261 • Fax: (808) 521-0210

WAGNER CHOI & VERBRUGGE
HONOLULU OFFICE
745 FORT ST. MALL, STE 1900
HONOLULU, HI 96813


Attention:    LOGAN ALEXANDER

Re:                    POMARE LIMITED

## FINANCING STATEMENT AND LIEN REPORT

Maximum liability limited to
$3,500.00

We have made a search of the Indexes at the Bureau of Conveyances of the State of Hawaii and certify that the following is a list of: (1) all liens recorded in said Indexes; and (2) all U.C.C. financing statements and assignments thereof which have been recorded or for which a valid continuation statement has been recorded in said Indexes within the period beginning five (5) years and six (6) months prior to the date of this report and ending on the date of this report; against:

     POMARE LIMITED
     LIENS
     (NONE)

     FINANCING STATEMENTS
     Document recorded as Document No. 2008-133883
     Amendment recorded as Document No. 2009-034231
     Continuation recorded as Document No. A-49090732
     Document recorded as Document No. 2009-164820
     Continuation recorded as Document No. A-53460851
     Document recorded as Document No. 2011-068872

See photocopies attached, if any reported above)

-Note:-        No search has been made for, and this report does not cover: (1) any financing statements incorporated in a mortgage; and (2) any financing statements or other instruments affecting the same which may have been recorded or registered in the filing office of another state or country.

This report is dated January 8, 2015 at 8:00 a.m.

Inquiries concerning this report should be directed to
RTS Customer Service
RTSCustomerService@tghawaii.com
Fax (808)-521-0278

## EXHIBIT A

Telephone (808)-533-5874
Refer to Order No. 201502166

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**A. NAME & PHONE OF CONTACT AT FILER (optional)**
CSC Diligenz, Inc.   1-800-858-5294

**B. SEND ACKNOWLEDGMENT TO: (Name and Address)**

36484551
CSC Diligenz, Inc.
6500 Harbour Heights Pkwy, Suite 400
Mukilteo, WA 98275

Filed In: Hawaii  (S.O.S.)

R-696   STATE OF HAWAII
BUREAU OF CONVEYANCES
RECORDED
AUG 22, 2008        08:02 AM
Doc No(s) 2008-133883

/s/ NICKI ANN THOMPSON
ACTING REGISTRAR

20   1/1   Z8

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1. DEBTOR'S EXACT FULL LEGAL NAME** - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME |
| --- |
| POMARE, LTD. |

| 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| --- | --- | --- | --- |
|  |  |  |  |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| --- | --- | --- | --- | --- |
| 700 N Nimitz Highway | Honolulu | HI | 96817 | USA |

| 1d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID #, if any |
| --- | --- | --- | --- | --- |
|  |  | Corp. | HI | 15632 D1   □ NONE |

**2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME** - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME |
| --- |
|  |

| 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| --- | --- | --- | --- |
|  |  |  |  |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| --- | --- | --- | --- | --- |
|  |  |  |  |  |

| 2d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any |
| --- | --- | --- | --- | --- |
|  |  |  |  |   □ NONE |

**3. SECURED PARTY'S NAME** (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME |
| --- |
| Cisco Systems Capital Corporation |

| 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| --- | --- | --- | --- |
|  |  |  |  |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| --- | --- | --- | --- | --- |
| 1111 Old Eagle School Road | Wayne | PA | 19087 | USA |

**4. This FINANCING STATEMENT covers the following collateral:**
THE COLLATERAL DESCRIBED IN SCHEDULE "A" ATTACHED HERETO AND MADE PART HEREOF, INCLUDING ALL ADDITIONS, ATTACHMENTS, ACCESSIONS, SUBSTITUTIONS, REPLACEMENTS AND PROCEEDS OF SUCH COLLATERAL.

| 5. ALTERNATIVE DESIGNATION (if applicable) | ☑ LESSEE/LESSOR | □ CONSIGNEE/CONSIGNOR | □ BAILEE/BAILOR | □ SELLER/BUYER | □ AG. LIEN | □ NON-UCC FILING |
| --- | --- | --- | --- | --- | --- | --- |

| 6. This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. Attach Addendum (if applicable) | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE] [optional] | □ All Debtors | □ Debtor 1 | □ Debtor 2 |
| --- | --- | --- | --- | --- |

**8. OPTIONAL FILER REFERENCE DATA**
00000000tfv0030708                                                   36484551

FILING OFFICE COPY — UCC FINANCING STATEMENT (FORM UCC1) (REV. 05/22/02)

U.S. Bankruptcy Court - Hawaii  #15-00203  Dkt # 6  Filed 02/19/15  Page 17 of 26

Schedule A forming part of the Lease Agreement by and between   Cisco Systems Capital Corporation   ("Lessor") and

POMARE, LTD.   ("Lessee")

Reference Number:   TFV30705

System Description:

| Hilo Hattie Stores | | |
|---|---|---|
| ASA5505-50-BUN-K9 | ASA 5505 Appliance with SW, 50 Users, 8 ports, 3DES/AES | 7 |
| WS-C2960-24PC-L | Catalyst 2960 24 10/100 PoE | 9 |
| PSA1000MT-120 | Liebert PowerSure PSA 1000VA | 9 |
| 141650P2 | 15 Amp Non-locking NEMA Input - 120 VAC-60 Hz 10 NEMA 15A outlets | 9 |
| WM030 | Liebert Wall mount | 9 |
| Corporate HQ | | |
| ASA5520-BUN-K9 | ASA 5520 Appliance with SW, HA, 4GE+1FE, 3DES/AES | 2 |
| WS-C2960-24TT-L | Catalyst 2960 24 10/100 + 2 1000BT LAN Base image | 2 |
| RSA SecurID | | |
| AUTPRO10 | RSA Promo Bundle 10 users + SID 700 3yr tokens | 1 |
| SID700-6-60-36-5 | 5 Pack RSA SID 700, 3 Year | 1 |
| AUT0000025B | Auth Manager, 5 Users License | 5 |
| Hardware/Software Subtotal | | |
| Support Services | | |
| BRSSUPPORT | Installation and configuration of firewalls and switches, see scope of work | 1 |
| BRSSUPPORT | WAN Project Management | 1 |
| APP0000010BBE12 | SecurID Support, 24x7 ,5 Year | 15 |
| CON-SNTP-AS5B50K9 | SMARTnet 24x7x4 - ASA5505, 5 Year | 7 |
| CON-SNTP-C29502PC | SMARTnet 24x7x4 - 2960 PoE Switch, Stores, 5 Year | 9 |
| CON-SNTP-C29502TT | SMARTnet 24x7x4 - 2960 Switch, Corp, 5 Year | 2 |
| CON-SNTP-AS2BUNK9 | SMARTnet 24x7x4 - ASA5520, 5 Year | 2 |

Page _____1_____ of _____1_____

YOU AGREE THAT A FACSIMILE COPY OF THIS DOCUMENT WITH FACSIMILE SIGNATURES MAY BE TREATED AS AN ORIGINAL AND WILL BE ADMISSIBLE AS EVIDENCE IN A COURT OF LAW.

LESSEE SIGNATURE

Signature X _____

Print Name ✓ Craig Bingham

Title ✓ CFO

Date ✓ 8/18/08

Legal Name of Corporation POMARE, LTD.

LESSOR ACCEPTANCE

Signature X _____

Print Name _____

Title _____

Date _____

Legal Name of Corporation Cisco Systems Capital Corporation

©2007 All Rights Reserved. Printed in the U.S.A. 07FDOC028 8/07

STATE OF HAWAII
BUREAU OF CONVEYANCES
RECORDED
MAR 06, 2009     08:02 AM

Doc No(s) 2009-034231

/s/ NICKI ANN THOMPSON
REGISTRAR

# UCC FINANCING STATEMENT AMENDMENT

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**A. NAME & PHONE OF CONTACT AT FILER [optional]**

CSC Diligenz, Inc.     1-800-858-5294

**B. SEND ACKNOWLEDGMENT TO: (Name and Address)**

40540377

CSC Diligenz, Inc.
6500 Harbour Heights Pkwy, Suite 400
Mukilteo, WA 98275

20    1/1    Z12

Filed In: Hawaii  (S.O.S.)

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

| 1a. INITIAL FINANCING STATEMENT FILE # | 1b. This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. |
|---|---|
| 2008-133883     8/22/2008 | |

**2.** ☐ **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

**3.** ☐ **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

**4.** ☐ **ASSIGNMENT** (full or partial):  Give name of assignee in item 7a or 7b and address of assignee in item 7c; and also give name of assignor in item 9.

**5. AMENDMENT (PARTY INFORMATION):** This Amendment affects ☐ Debtor  or ☐ Secured Party of record.  Check only **one** of these two boxes.

Also check **one** of the following three boxes **and** provide appropriate information in items 6 and/or 7.

☐ CHANGE name and/or address: Please refer to the detailed instructions in regards to changing the name/address of a party. | ☐ DELETE name: Give record name to be deleted in item 6a or 6b. | ☐ ADD name: Complete item 7a or 7b, and also item 7c; also complete items 7e-7g (if applicable).

**6. CURRENT RECORD INFORMATION:**

| 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| POMARE, LTD. | | | |

OR

| 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

**7. CHANGED (NEW) OR ADDED INFORMATION:**

| 7a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| | | | |

OR

| 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

| 7d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 7e. TYPE OF ORGANIZATION | 7f. JURISDICTION OF ORGANIZATION | 7g. ORGANIZATIONAL ID #, if any |
|---|---|---|---|---|
| | | | | ☐ NONE |

**8. AMENDMENT (COLLATERAL CHANGE):** check only **one** box.

Describe collateral ☐ deleted or ☐ added, or give entire ☑ restated collateral description, or describe collateral ☐ assigned.

THE COLLATERAL DESCRIBED IN "ADDENDUM" ATTACHED HERETO AND MADE PART HEREOF, INCLUDING ALL ADDITIONS, ATTACHMENTS, ACCESSIONS, SUBSTITUTIONS, REPLACEMENTS AND PROCEEDS OF SUCH COLLATERAL.

**9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT** (name of assignor, if this is an Assignment).  If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here ☐ and enter name of DEBTOR authorizing this Amendment.

| 9a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| Cisco Systems Capital Corporation | | | |

OR

| 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

**10. OPTIONAL FILER REFERENCE DATA**

00000000TFV0030708                                                40540377

FILING OFFICE COPY — UCC FINANCING STATEMENT AMENDMENT (FORM UCC3) (REV. 05/22/02)

# ADDENDUM

ADDENDUM ("Addendum"), dated as of the 3rd day of March, 2009, to that certain Lease Agreement, reference TFV30708, and incorporates the terms and conditions of that certain Lease Agreement dated as of November 13, 2008 ("Agreement") between Cisco Systems Capital Corporation ("Lessor") and POMARE, LTD. ("Lessee").

The parties, intending to be legally bound, agree that the Agreement shall be amended as follows:

The following is the revised Schedule A:

| | | |
|---|---|---|
| ASA5505-50-BUN-K9 | ASA 5505 Appliance with SW, 50 Users, 8 ports, 3DES/AES | 6 |
| GLC_T | 1000bt Module for Switch | 2 |
| Ciso1841-T1 | 1841 Router, t-1 | 1 |
| WS-C2960-24PC-L | Catalyst 2960 24 10/100 PoE | 9 |
| PSA1000MT-120 | Liebert PowerSure PSA 1000VA | 7 |
| 038340061 | Nema 5/15R 6 Outlet 125VA | 7 |
| WM030 | Liebert Wall mount | 7 |

| | | |
|---|---|---|
| ASA5520-BUN-K9 | ASA 5520 Appliance with SW, HA, 4GE+1FE, 3DES/AES | 2 |
| WS-C2960-24TT-L | Catalyst 2960 24 10/100 + 2 1000BT LAN Base Image | 2 |

| | | |
|---|---|---|
| AUTPRO10 | RSA Promo Bundle 10 users + SID 700 3yr tokens | 1 |
| SID700-6-60-36-5 | 5 Pack RSA SID 700, 3 Year | 1 |
| AUT0000025B | Auth Manager, 5 Users License | 5 |

| Support Services | | |
|---|---|---|
| BRSSUPPORT | Installation and configuration of firewalls and switches, see scope of work | 1 |
| BRSSUPPORT | WAN Project Management | 1 |
| APP0000010BBE12 | SecurID Support, 24x7 , 3 Year | 15 |
| CON-SNTP-AS5B50K9 | SMARTnet 24x7x4 - ASA5505, 3 Year | 6 |
| CON-SNTP-C29602PC | SMARTnet 24x7x4 - 2960 PoE Switch, Stores, 3 Year | 9 |
| CON-SNTP-C29602TT | SMARTnet 24x7x4 - 2960 Switch, Corp, 3 Year | 2 |
| CON-SNTP-1841T1 | SMARTnet 24x7x4 - 1841 router, Corp, 3 Year | 1 |
| CON-SNTP-AS2BUNK9 | SMARTnet 24x7x4 - ASA5520, 3 Year | 2 |

3 years Smartnet Maintenance

Page 1 of 2

The payment schedule will be revised as follows:
36 monthly payments of $3499.33 (including sales tax)


IN WITNESS WHEREOF, each party has caused its duly authorized officer to execute this Amendment, as of the date first written above.

LESSEE: POMARE, LTD.                    CISCO SYSTEMS CAPITAL CORPORATION

By: _____            By: _____
    Name: Craig Bingham                     Name: _____
    Title: SVP/CFO                           Title: _____
    Date: 2/2/09                             Date: _____

Page 2 of 2





STATE OF HAWAII
BUREAU OF CONVEYANCES
RECORDED
June 10, 2013 8:02 AM
Doc No(s) A-49090732

## UCC FINANCING STATEMENT AMENDMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**A. NAME & PHONE OF CONTACT AT FILER(optional)**
Michele Vesci    1-800-735-3273

**B. SEND ACKNOWLEDGMENT TO: (Name and Address)**

Lease Direct
PO Box 4000
Johnston, IA   50131-9854



1    1/1    CGG
B-32281337

/s/ NICKI ANN THOMPSON
REGISTRAR

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

| 1a. INITAL FINANCING STATEMENT FILE # | | | 1b. This FINANCING STATEMENT AMENDMENT is ☐ to be filed(for record)(or recorded) in the REAL ESTATE RECORDS |
|---|---|---|---|
| 2008-133883 | 22-Aug-08 | HI | |

2. ☐ **TERMINATION:** Effectiveness of the Financing Statement identified above with the respect to security interest(s) of the Secured Party authorizing this Termination Statement

3. ☒ **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional perios provided by applicable laws

4. ☐ **ASSIGNMENT:** (full or Partial) Give name of assignee in item 7a or 7b and address of assignee in item 7c and give name of assignor in item 9.

5. **AMENDMENTS (PARTY INFORMATION):** This Amendment affects ☐ Debtor or ☐ Secured Party of record. Check only one of these two boxes.
Also check one of the following three boxes and provide appropriate information in items 6 and/or 7.

☐ CHANGE name and/or address: Please refer to the detailed instructions in regards to changing the name/address of a party

☐ DELETE name: Given record name to be deleted in item 6a or 6b

☐ ADD name: Complete item 7a or 7b and also item 7c; also complete items 7e - 7g(if Applicable).

6. **CURRENT RECORD INFORMATION:**

| 6a. ORANIZATION'S NAME | | | | |
|---|---|---|---|---|
| OR | POMARE, LTD. | | | |
| 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

7. **CHANGED (NEW) or ADDED INFORMATION:**

| 7a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| OR 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 7d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 7e. TYPE OF ORGANIZATION | 7f. JURISDICTION OF ORGANIZATION | 7g. ORGANIZATIONAL ID #, if any   ☐ NONE |

8. **AMENDMENT (COLLATERAL CHANGE):** check only one box.

Describe collateral ☐ deleted or ☐ added, or give entire ☐ restated collateral description, or describe collateral ☐ assigned

9. NAME of SECURED PARY of RECORD AUTHORIZING THIS AMENDMENT(name of assignor,, if this an Assignment.) If this is an Amendment authorized by ta Debtor which adds collateral or adds the authorizing Debtor, oor if this is a Termination authorized by a Debtor, check here ☐ and enter name of DEBTOR authorizing this Amendment

| 9a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| OR | CISCO SYSTEMS CAPITAL CRP | | | |
| 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

10. OPTIONAL FILER REFERENCE DATA
24930067

30 —

FILING OFFICE COPY - UCC FINANCING STATEMENT (FORM UCC3) (REV. 05/22/02)

# UCC FINANCING STATEMENT

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**A. NAME & PHONE OF CONTACT AT FILER [optional]**
MARIE CADUNGUG 844-3277, BR 65

**B. SEND ACKNOWLEDGMENT TO: (Name and Address)**

First Hawaiian Bank
Commercial Loan Center #4000
2339 Kamehameha Hwy., Suite 447
Honolulu, HI 96819

R-689

STATE OF HAWAII
BUREAU OF CONVEYANCES
RECORDED

OCT 27, 2009     02:00 PM

Doc No(s) 2009-164820

/s/ NICKI ANN THOMPSON
REGISTRAR

20    1/1    Z12

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

---

**1. DEBTOR'S EXACT FULL LEGAL NAME** - Insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|
| POMARE, LTD. | | | | | |

| 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 700 NIMITZ HIGHWAY | HONOLULU | HI | 96817 | USA |

| 1d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID #, if any |
|---|---|---|---|---|
| | | Corporation | HI | ☒NONE |

**2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME** - Insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME |
|---|
| |

| 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

| 2d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any |
|---|---|---|---|---|
| | | | | ☐ NONE |

**3. SECURED PARTY'S NAME** (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME |
|---|
| First Hawaiian Bank |

| 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 1580 Kapiolani Blvd | Honolulu | HI | 96814 | USA |

**4.** This FINANCING STATEMENT covers the following collateral:

All inventory, equipment, accounts (including but not limited to all health-care-insurance receivables), chattel paper, instruments (including but not limited to all promissory notes), letter-of-credit rights, letters of credit, documents, deposit accounts, investment property, money, other rights to payment and performance, and general intangibles (including but not limited to all software and all payment intangibles) all farm products, all oil, gas and other minerals before extraction; all oil, gas, and other minerals and accounts constituting as-extracted collateral; all fixtures; all timber to be cut; all attachments, accessions, accessories, fittings, increases, tools, parts, repairs, supplies, and commingled goods relating to the foregoing property, and all additions, replacements of and substitutions for all or any part of the foregoing property; all insurance refunds relating to the foregoing property; all good will relating to the foregoing property; all records and data and embedded software relating to the foregoing property; all equipment, inventory and software to utilize, create, maintain and process any such records and data on electronic media; and all supporting obligations relating to the foregoing property; all whether now existing or hereafter arising, whether now owned or hereafter acquired or whether now or hereafter subject to any rights in the foregoing property; and all products and proceeds (including but not limited to all insurance payments) of or relating to the foregoing property.

---

| 5. ALTERNATIVE DESIGNATION [if applicable]: | LESSEE/LESSOR | CONSIGNEE/CONSIGNOR | BAILEE/BAILOR | SELLER/BUYER | AG. LIEN | NON-UCC FILING |
|---|---|---|---|---|---|---|

| 6. This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS.    Attach Addendum [if applicable] | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE] [optional] | All Debtors | Debtor 1 | Debtor 2 |
|---|---|---|---|---|

**8. OPTIONAL FILER REFERENCE DATA**

FILING OFFICE COPY — UCC FINANCING STATEMENT (FORM UCC1) (REV. 05/22/02)

Harland Financial Solutions
400 S.W. 6th Avenue, Portland, Oregon 97204

U.S. Bankruptcy Court - Hawaii  #15-00203   Dkt # 6   Filed  02/19/15   Page 23 of 26



71 Contu
C



**STATE OF HAWAII**
**BUREAU OF CONVEYANCES**
**RECORDED**

August 21, 2014 8:02 AM

Doc No(s) A-53460851

/s/ NICKI ANN THOMPSON
REGISTRAR

## UCC FINANCING STATEMENT AMENDMENT
FOLLOW INSTRUCTIONS

A. NAME & PHONE OF CONTACT AT FILER (optional)
Gina Sy-Tanaka/808-844-3749

B. E-MAIL CONTACT AT FILER (optional)
vsy-tanaka@fhb.com

C. SEND ACKNOWLEDGMENT TO: (Name and Address)

FIRST HAWAIIAN BANK
COMMERCIAL LOAN CENTER
2339 KAMEHAMEHA HWY ROOM 447
HONOLULU HI 96819
Br.#65/4196605985/18

1    1/3    TAW
B-32509603

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

| 1a. INITIAL FINANCING STATEMENT FILE # <br> Filing Number 2009-164820; Original File Date: October 27, 2009 | 1b. ☐ This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. <br> Filer: attach Amendment Addendum (Form UCC3Ad) and provide Debtor's name in item 13. |
|---|---|

2. ☐ **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

3. ☐ **ASSIGNMENT** (full or partial): Give name of Assignee in item 7a or 7b and address of assignee in item 7c; and also give name of assignor in item 9
For partial assignment, complete items 7 and 9 and also indicate affected collateral in item 8

4. ☒ **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to security interest(s) of Secured Party authorizing the Continuation Statement is continued for the additional period provided by applicable law

5. ☐ **PARTY INFORMATION CHANGE:**
Check one of these two boxes:                    AND Check only one of these two boxes:
This Change affects ☐ Debtor or ☐ Secured Party of record    ☐ CHANGE name and/or address: Complete item 6a or 6b; and item 7a or 7b and item 7c    ☐ ADD name: Complete item 7a or 7b and item 7c    ☐ DELETE name: Give record name to be deleted in item 6a or 6b

6. CURRENT RECORD INFORMATION: Complete for Party Information Change – provide only one name (6a or 6b)

| | 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|---|
| OR | 6b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

7. CHANGED OR ADDED INFORMATION: Complete for Assignment or Party Information Change – provide only one name (7a or 7b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name)

| | 7a. ORGANIZATION'S NAME | | |
|---|---|---|---|
| OR | 7b. INDIVIDUAL'S SURNAME | | |
| | INDIVIDUAL'S FIRST PERSONAL NAME | | |
| | INDIVIDUAL'S ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|

8. ☐ COLLATERAL CHANGE: Also check one of these four boxes:    ☐ ADD collateral    ☐ DELETE collateral    ☐ RESTATE covered collateral    ☐ ASSIGN collateral
Indicate collateral:

9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT: Provide only one name (9a or 9b) (name of Assignor, if this is an Assignment)
If this is an Amendment authorized by a DEBTOR, check here ☐ and provide name of authorizing Debtor

| | 9a. ORGANIZATION'S NAME <br> FIRST HAWAIIAN BANK | | | |
|---|---|---|---|---|
| OR | 9b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

10. OPTIONAL FILER REFERENCE DATA
POMARE, LTD. (DONALD BUM SIK KANG)

International Association of Commercial Administrators (IACA)

FILING OFFICE COPY — UCC FINANCING STATEMENT AMENDMENT (Form UCC3) (REV. 04/20/11)

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]
**Phone:(800) 331-3282 Fax: (818) 662-4141**

B. SEND ACKNOWLEDGEMENT TO: (Name and Address)

13498 AMERICAN

CT Lien Solutions
P.O. Box 29071
Glendale, CA 91209-9071

28091932

HIHI

20      1/1      Z1

R-663      STATE OF HAWAII
BUREAU OF CONVEYANCES
RECORDED
APR 27, 2011      02:00 PM
Doc No(s) 2011-068872

/s/ NICKI ANN THOMPSON
REGISTRAR

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|
| POMARE, LTD. | | | | | |
| 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | | MIDDLE NAME | | SUFFIX |
| 1c. MAILING ADDRESS<br>700 N. Nimitz Hwy | CITY<br>Honolulu | | STATE<br>HI | POSTAL CODE<br>96817 | COUNTRY<br>USA |
| 1d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION<br>CORPORATION | 1f. JURISDICTION OF ORGANIZATION<br>HI | 1g. ORGANIZATIONAL ID #, if any<br>15632 D1 | ☐ NONE |

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|
| | | | | | |
| 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | | MIDDLE NAME | | SUFFIX |
| 2c. MAILING ADDRESS | CITY | | STATE | POSTAL CODE | COUNTRY |
| 2d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any | ☐ NONE |

3. SECURED PARTY'S NAME (or NAME OF TOTAL ASSIGNEE OF ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|
| American Bank Note Company, as agent for the United States Postal Service | | | | | |
| 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | | MIDDLE NAME | | SUFFIX |
| 3c. MAILING ADDRESS<br>2520 Metropolitan Drive | CITY<br>Trevose | | STATE<br>PA | POSTAL CODE<br>19053 | COUNTRY<br>USA |

4. This FINANCING STATEMENT covers the following collateral:

The Consigned Goods are all United States Postal Service postage delivered to Consignee for sale to the public from all establishments maintained by Consignee,including, but not limited to, First Class postage, Express Mail postage, Priority Mail postage, bricks of postage for dispensing in automated teller machines and such other postage as Consignor may deliver to Consignee, as well as all proceeds thereof.

| 5. ALTERNATIVE DESIGNATION [if applicable] | ☐ LESSEE/LESSOR | ☐ CONSIGNEE/CONSIGNOR | ☐ BAILEE/BAILOR | ☐ SELLER/BUYER | ☐ AG. LIEN | ☐ NON-UCC FILING |
|---|---|---|---|---|---|---|
| 6. ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. Attach Addendum [if applicable] | | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE] [optional] | | ☐ All Debtors | ☐ Debtor 1 | ☐ Debtor 2 |

8. OPTIONAL FILER REFERENCE DATA

28091932                    JCHEN                    CD7412

Prepared by CT Lien Solutions, P.O. Box 29071, Glendale, CA 91209-9071 Tel (800) 331-3282

FILING OFFICE COPY - NATIONAL UCC FINANCING STATEMENT (FORM UCC1) (REV. 05/22/02)

# Pomare, Ltd.
## Cnsd All

| Forecast Year | Year #1 | Year #1 | Year #1 |
|---|---|---|---|
| Fiscal Year | 2015 | 2015 | 2015 |
| Period | 6 | 7 | 8 |
| Stores Open (inc eCom) | 4 | 4 | 4 |

**Statement of Cash Flow**

**Operating Cash Inflows**

| | | | |
|---|---|---|---|
| Net Sales without Tax | 736,811 | 633,866 | 695,251 |
| Sales Tax Collected | 31,644 | 27,114 | 29,571 |
| Other Income | 87,000 | 115,000 | 142,000 |
| Adjustment for Accounts Receivable/Factoring | - | - | - |
| Adjustment for Amortized Concessionaire Fee | - | - | - |
| | | | |
| Total Operating Cash Inflows | 855,455 | 775,980 | 866,822 |

**Operating Cash Outflows**

| | | | |
|---|---|---|---|
| Cost of Sales | 343,194 | 295,454 | 327,068 |
| Salaries & Wages | 135,286 | 113,635 | 94,696 |
| Payroll Taxes | 27,057 | 22,727 | 18,939 |
| Employee Benefits | 20,545 | 17,557 | 15,118 |
| Other Benefits | 574 | 462 | 462 |
| Rent | 144,274 | 144,274 | 144,274 |
| Percentage Rent | - | - | - |
| Property Expense | 38,100 | 38,100 | 38,100 |
| Busing Expense | - | - | - |
| Outside Sales Commission | | | |
| Advertising & Promotion | 12,500 | 25,000 | 25,000 |
| Auto Expense | 32,200 | 25,900 | 25,900 |
| Bad Debt Expense | - | - | - |
| Cash-Over/Short | 285 | 234 | 235 |
| Contributions&Damages | - | - | - |
| Credit Card & Bank Fees | 11,805 | 10,151 | 11,082 |
| Dues & Subscriptions | - | - | - |
| Insurance Expenses | 4,788 | 4,788 | 4,788 |
| Machinery & Equipment Rental | - | - | - |
| Supplies | 5,000 | 4,000 | 4,000 |
| Outside Services | 8,160 | 6,800 | 6,909 |
| Postage & Freight | 10,326 | 9,352 | 10,184 |
| Professional Services | 40,000 | 40,000 | 40,000 |
| Repairs & Maintenance | 1,450 | 1,450 | 1,450 |
| Taxes & Licenses (Primarily GET) | 33,346 | 28,375 | 28,398 |
| Telephone/Network | 2,000 | 2,000 | 2,000 |
| Travel/Entertainment | 300 | 460 | 300 |
| Miscellaneous/Trade Shows | - | - | 2,000 |
| Adjustment for Inventory Consolidation | (68,639) | (59,091) | (65,414) |
| Income Tax Expense | | | |
| | | | |
| Total Operating Cash Outflows | 802,550 | 731,627 | 735,488 |
| | | | |
| **Net Operating Cash Flow** | **52,905** | **44,354** | **131,334** |

**EXHIBIT B**