

SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>POMARE, LTD., dba<br>HILO HATTIE,<br><br>    Debtor and<br>    Debtor-in-possession.<br><br>75621 | Case No. 15-00203<br>(Chapter 11)<br><br>DATE:  December 21, 2015<br>TIME;   2:00 p.m.<br>JUDGE: Hon. Robert J. Faris |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW
## IN SUPPORT OF ORDER CONFIRMING DEBTOR'S FIRST AMENDED
## CHAPTER 11 PLAN OF REORGANIZATION FOR POMARE, LTD.

The hearing on confirming ("Confirmation Hearing") of the First Amended

Chapter Plan of Reorganization for Pomare, Ltd. ("Plan") was held on December

21, 2015, at 2:00 p.m., before the Honorable Robert J. Faris, United States

Bankruptcy Judge for the District of Hawaii. Appearances were as noted in the

record.

Having considered all of the pleadings and evidence filed in support of confirmation, all of the objections to confirmation of the Plan having been withdrawn or overruled, and based on the record in these cases, the arguments and representations of counsel, and the Declarations of Mark J. Storfer, David Brandt, and Allison A. Ito, Esq., filed in support of the Plan, all of the attached exhibits to the foregoing declarations having been accepted into evidence, and good cause appearing, the Court now makes the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

1. Pomare, Ltd. ("Debtor") is the debtor and debtor-in-possession in Chapter 11 case no. 15-00203, which was commenced by the filing of a voluntary petition on February 19, 2015 ("Case").

2. On April 2, 2015, the Office of the United States Trustee appointed a three-member Official Committee of Unsecured Creditors ("Committee") consisting of Trade West Inc., dba Nani Makana; KC Company Limited, dba KC Hawaii; and The Islander Group. The Committee selected Jeffrey Swartz as Chairman. On July 30, 2015, the Committee was reconstituted and is now comprised of KC Company Limited and The Islander Group.

3.     On October 30, 2015, the Debtor filed Debtor's First Amended Chapter 11 Plan of Reorganization for Pomare, Ltd.[1]

### Approval of the Disclosure Statement, Solicitation, and Confirmation Hearing Notice

4.     On October 29, 2015, the Bankruptcy Court entered that certain Order Approving First Amended Disclosure Statement for Chapter 11 Plan of Reorganization for Pomare, Ltd., and Balloting Procedures and Scheduling Deadlines ("Solicitation Order") that, among other things, (a) approved the Disclosure Statement pursuant to Bankruptcy Code § 1125 and Federal Rule of Bankruptcy Procedure ("Rule") 3017, (b) established December 21, 2015, as the date for the Confirmation Hearing, (c) approved the form and method of notice of the Confirmation Hearing ("Confirmation Hearing Notice), (d) established procedures for soliciting and tabulating votes with respect to the Plan, and (e) established procedures governing the Confirmation Hearing.

5.     In accordance with the Solicitation Order, the following items were transmitted to creditors: (a) the Disclosure Statement, (b) the Confirmation Hearing Notice (as defined in the Solicitation Order), and (c) with respect to those creditors in classes entitled to vote under the Plan and the Solicitation Order, a Ballot (as defined in the Solicitation Order). All of said documents were transmitted to the appropriate parties on or before November 10, 2015. Such service is adequate and

---

1 Capitalized terms used herein shall have the same meaning as set forth in the Plan, unless otherwise noted.

proper as provided by Bankruptcy Rule 3017(d), and no other or further notice is or shall be required.

6. The Disclosure Statement included a letter from the Committee endorsing the Plan and recommending that creditors in Classes 8 and 9 vote to accept the Plan.

7. On December 14, 2015, the Debtor filed the Declaration of Allison A. Ito relating to Voting Tabulation, attesting and certifying the method and results of the ballot tabulation for the Classes of Claims entitled to vote to accept or reject the Plan ("Ballot Tabulation"). Votes to accept and reject the Plan have been solicited and tabulated fairly, in good faith, and in a manner consistent with the Bankruptcy Code, the Bankruptcy Rules, and the Solicitation Order.

8. The Debtor filed memoranda and declarations in support of Confirmation and supporting documents (collectively, "Confirmation Evidence") as reflected in this Court's docket. All exhibits attached to the Confirmation Evidence have been admitted into evidence without objection by any party.

9. This Bankruptcy Court takes judicial notice of the docket of these Cases maintained by the Clerk of the Bankruptcy Court, including, without limitation, all pleadings and other documents filed, all orders entered, and evidence and argument made, proffered, or adduced at the hearings held before the Bankruptcy Court during the pendency of the Cases.

10. The Debtor has the burden of proving the elements of section 1129 of the Bankruptcy Code by a preponderance of evidence, and have done so as set forth herein.

**Plan Amendments**

11. Pursuant to agreements of various parties, the Plan was amended in the following respects prior to or during the course of the Confirmation Hearing:

(a) That certain Stipulation Resolving Proposed Assumption of Lease Through Chapter 11 Plan of Reorganization, by and between the Debtor and GGP Ala Moana, LLC, filed herein on December 7, 2015, is approved and incorporated into the Plan by reference.

(b) The order confirming Plan shall provide with respect to the treatment of the State of Hawaii's Priority Tax Claim in the amount of $138,671, that said Claim shall be paid in full with interest at 8% per annum in 60 equal monthly installments of $2,832.02, commencing 30 days after the Effective Date.

(c) The distribution of the Nimitz Net Available Proceeds to Classes 5, 7, and 9, as provided for in the Plan, shall occur within 14 days of the Effective Date.

(d) The Court shall hold a status conference on February 22, 2016, at 2:00 p.m., regarding the Debtor's compliance with the Plan's provisions as of

said date. If the Debtor is not in compliance with the Plan as of that date, the Court will consider conversion or dismissal or other appropriate remedies.

(e) Regarding the Debtor's compliance with Plan obligations after the status conference, if there is a default, then any party in interest, including the United States Trustee, may request conversion, dismissal, or other appropriate remedies.

(f) In addition to the Debtor's quarterly post-confirmation reporting obligations while the case is open, the Debtor shall, after the case is closed, provide a quarterly report to parties on the current master service list (but not all creditors in the case) which (1) discloses payments to creditors pursuant to the Plan; and (2) discloses whether the Debtor is current on its post-bankruptcy operating expenses. The post-closing quarterly report shall be provided by the 20th day after the end of a calendar quarter (e.g., April 20).

**Bankruptcy Code Requirements For Confirmation and Classification**

12. In addition to Administrative Claims and Priority Tax Claims, which need not be classified, the Plan designates 10 Classes of Claims and one Class of Interests. The Claims and Interests placed in each Class are substantially similar to other Claims and Interests, as the case may be, in each such Class. Valid business, factual, and legal reasons exist for separately classifying the various classes of claims and Interests created under the Plan.

U.S. Bankruptcy Court - Hawaii    #15-00203    Dkt # 440    Filed 01/05/16    Page 6 of 19

13. The Plan specifies that Classes 1 and 2 are not impaired under the Plan, thereby satisfying section 1123(a)(2) of the Bankruptcy Code. Said Classes are deemed to have accepted the Plan because they are not impaired under the Plan.

14. The Plan designates that Classes 4, 5, 6, 7, 8, 9, 10, and 11 are impaired and specifies the treatment of Claims and Interests in those Classes, thereby satisfying section 1123(a)(3) of the Bankruptcy Code.

15. Class 3 was deleted.

16. Classes 6 and 10 receive nothing under the Plan and were deemed to reject the Plan.

17. Votes to accept and reject the Plan have been solicited from creditors holding Claims in Classes 4, 5, 7, 8, and 9. Such votes were solicited and tabulated fairly, in good faith, and in a manner consistent with the Bankruptcy Code, the Bankruptcy Rules, the Solicitation Order, and industry practices.

18. As set forth in the Ballot Tabulation as amended, Classes 4, 8, and 9 voted to accept the Plan, pursuant to section 1126(c) of the Bankruptcy Code. No votes were received for Classes 5 and 7.

### Treatment of Secured Claims

19. The holder of an Allowed Secured Claim (Class 4) will receive at least as much as it would receive in a case under chapter 7 with respect to those Secured Claims. The Secured Class voted in favor of the Plan.

## Unsecured Claims

20. The holder of Allowed General Unsecured Claims (Class 9 will receive substantially more than they would receive in a case under chapter 7, because if the assets of the Debtor were liquidated outright, said Class would receive approximately 17% of their total claim amount. Class 9 will receive approximately 32% of its allowed claim under the Plan, as amended. As a result, holders of Allowed Class 9 Claims will receive more under the Plan than they would receive if the Debtor's case was converted to a case under chapter 7. Members of Class 8, the Convenience Class, will receive 50% of their Allowed Claims, more than they would receive in a chapter 7 liquidation.

## Equity Interests

21. Allowed Equity Interest in Class 11 will not receive any consideration under the Plan. Class 11, however, not receive any consideration if these cases were converted to cases under chapter 7.

22. The Plan provides for the same treatment for each Claim or Interest in each respective Class, unless the holder of a particular Claim or Interest has agreed to a less favorable treatment of such Claim or Interest, thereby satisfying section 1123(a)(4) of the Bankruptcy Code.

## Means of Implementation

23. The Plan provides adequate and proper means for the Plan's implementation.

24. The Debtor has demonstrated adequate assurance of future performance with respect to the assumed executory contracts. No party to an executory contract has objected to the Plan or the assumption of any executory contract.

25. The Debtor has exercised sound and considered business judgment in the formulation of the Plan. The Debtor has demonstrated sound business purpose and justification for the Plan, pursuant to Bankruptcy Code § 363(b).

26. All fees payable under section 1930 of title 28, United States Code, as determined by the Bankruptcy Code, have been paid or will be paid pursuant to the Plan, thus satisfying the requirements of section 1129(a)(12) of the Bankruptcy Code.

27. Any finding of fact subsequently determined to be a conclusion of law shall be deemed a conclusion of law.

## CONCLUSIONS OF LAW

### Jurisdiction and Venue

28. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

29. This Bankruptcy Court has jurisdiction over this Case, pursuant to sections 157 and 1334 of title 28 of the United States Code. Venue is proper pursuant to sections 1408 and 1409 of title 28 of the United States Code. Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L), and this Bankruptcy Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed and has exclusive jurisdiction over all of the Debtor's assets.

## Confirmation Requirements

### Section 1129(a)(1)

30. The Plan complies with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a) of the Bankruptcy Code.

(a) The Plan properly places substantially similar claims in each class and designated such classes of claims, thereby satisfying sections 1122 and 1123(a)(1) of the Bankruptcy Code;

(b) The Plan specifies the treatment of each Class that is not impaired, thereby satisfying section 1123(a)(2);

(c) The Plan specifies the treatment of each Class that is impaired, thereby satisfying section 1123(a)(3);

(d) The Plan provides for the same treatment for each claim or interest in a particular Class, unless the holder thereof agrees to a less favorable

U.S. Bankruptcy Court - Hawaii   #15-00203   Dkt # 440   Filed 01/05/16   Page 10 of 19

treatment, thereby satisfying section 1123(a)(4);

(e) The Plan includes the adoption and implementation of all corporate actions necessary to implement the Plan and the execution of all documents and the implementation of all actions as required with respect to and in accordance with the Plan provisions, thereby satisfying section 1123(a)(5);

(f) Section 1123(a)(6) does not apply to the Debtor or the Plan;

(g) The Debtor has disclosed the identity and compensation of the officers and directors of the Reorganized Debtor, consistent with the interests of creditors, equity holders, and public policy in accordance with section 1123(a)(7);

(h) The Plan's provisions are appropriate and not inconsistent with the applicable provisions of the Bankruptcy Code; and

(i) The Plan is dated and identifies the entities submitting it as proponents, thereby satisfying Bankruptcy Rule 3016(a).

## Section 1129(a)(2)

31. The Debtor has complied with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a)(2) of the Bankruptcy Code.

(a) The Debtor is a proper debtor under section 109 of the Bankruptcy Code;

(b) The Debtor has complied with applicable provisions of the Bankruptcy Code, except as otherwise provided or permitted by orders of the

Bankruptcy Court; and

(c) The Debtor has complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Solicitation Order in transmitting the Plan, the Disclosure Statement, the Ballots, and related documents and notices and in soliciting and tabulating votes on the Plan.

### Section 1129(a)(3)

32. The Debtor has proposed the Plan in good faith and not by any means forbidden by law, thereby satisfying section 1129(a)(3) of the Bankruptcy Code. The good faith of the Debtor is evident from the facts and records of this case, the Disclosure Statement and the hearings thereon, and the record of the Confirmation Hearing and other proceedings held in this case. The Plan was proposed with the legitimate and honest purpose of maximizing the value of the Debtor's Estate and to effectuate a successful reorganization of the Debtor.

33. The injunctive provisions of the Plan and the Confirmation Order implement the Debtor's discharge. Moreover, the Plan provides a mechanism for parties in these cases to seek relief from the injunctions.

### Section 1129(a)(4)

34. Any payment made or to be made by the Debtor for services or for costs and expenses in or in connection with the Debtor's chapter 11 case, or in connection with the Plan and incident to the Debtor's chapter 11 case, has been

12

U.S. Bankruptcy Court - Hawaii   #15-00203   Dkt # 440   Filed 01/05/16   Page 12 of 19

approved by, or is subject to the approval of, the Bankruptcy Court as reasonable, thereby satisfying section 1129(a)(4).

### Section 1129(a)(5)

35. The Debtor has complied with section 1129(a)(5) of the Bankruptcy Code. The identity of the individuals who will serve as officers and directors of the Reorganized Debtor as of the Effective Date have been fully disclosed. The appointment to, or continuance in, such offices of such person is consistent with the interests of holders of Claims against and Equity Interests in the Debtor and with public policy. The identity of any insider that will be employed or retained by the Reorganized Debtor after the Effective Date and the nature of such insider's compensation have also been fully disclosed.

### Section 1129(a)(6)

36. The Plan does not provide for any changes in rates established or approved by, or otherwise subject to, any governmental regulatory commission. Thus, section 1129(a)(6) of the Bankruptcy Code is not applicable.

### Section 1129(a)(7)

37. The Plan satisfies section 1129(a)(7) of the Bankruptcy Code. The liquidation analysis provided in the Disclosure Statement as amended (a) is persuasive and credible, (b) has not been controverted by other evidence, and (c) establish that each holder of a Claim or Interest in an impaired Class either has

accepted the Plan or will receive or retain under the Plan, on account of such Claim or Interest, property of a value, as of the Effective Date, that is not less than the amount that holder would receive or retain if the Debtor was liquidated under chapter 7 of the Bankruptcy Code on such date.

## Section 1129(a)(8)

38. Classes 1 and 2 are conclusively presumed to have accepted the Plan under section 1126(f) of the Bankruptcy Code. Classes 4, 8, and 9 are impaired and have voted to accept the Plan in accordance with section 1126(d) of the Bankruptcy Code. Classes 5, 6, 7, and 10 did not vote.

## Section 1129(a)(9)

39. The treatment of Administrative Claims and Priority Tax Claims under the Plan satisfies the requirements of Bankruptcy Code section 1129(a)(9).

## Section 1129(a)(10)

40. At least one Class of Claims against the Debtor that is impaired under the Plan has accepted the Plan, determined without including any acceptance of the Plan by an insider, thus satisfying the requirements of section 1129(a)(10) of the Bankruptcy Code.

## Section 1129(a)(11)

41. The evidence proffered, adduced, or presented prior to and at the Confirmation Hearing (a) is persuasive and credible, and (b) establishes that

confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtor, thus satisfying the requirements of section 1129(a)(11) of the Bankruptcy Code.

42. In order to satisfy Bankruptcy Code § 1129(a)(11), the Plan Proponents need not prove that there is an absolute certainty that the conditions to confirmation will be met. On the contrary, the Plan Proponents need only show that the Plan offers a reasonable assurance of success. The Plan has the requisite level of likelihood of success.

### Section 1129(a)(12)

43. All fees payable under section 1930 of title 28, United States Code, as determined by the Bankruptcy Court, have been paid or will be paid pursuant to the Plan, the terms of which are satisfactory to the Debtor and the United States Trustee, thus satisfying the requirements of section 1129(a)(12) of the Bankruptcy Code.

### Section 1129(a)(13)

44. Bankruptcy Code § 1129(a)(13), which requires a plan to provide for the continuation of payment of all "retiree benefits" (as defined in Bankruptcy Code § 1114(a)), is inapplicable in the instant case as the Debtor does not have any such obligation.

15

## Other Matters

45, The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of Section 5 of the Securities Act of 1933. No governmental agency with standing to raise an objection pursuant to Bankruptcy Code § 1129(d) has, in fact, raised any such objection. This is strong evidence that the principal purpose of the Plan is not tax avoidance.

46. All modifications to the Plan filed or announced prior to the conclusion of the Confirmation Hearing constitute technical changes and/or changes that have either been consented to by affected constituents or which do not require additional disclosure under Bankruptcy Code §§ 1125 or 1127(a), or re-solicitation of votes under Bankruptcy Code § 1126, nor do they require that holders of Claims or Interests be afforded an opportunity to change previously cast acceptances or rejections of the Plan. The modifications do not adversely change the treatment for the accepting Classes. Therefore, the acceptances of the accepting Classes are deemed to apply to the modification. Additional notice under Bankruptcy Rule 3019(a) is not required.

47. Based on the record before the Bankruptcy Court in this Case, the Debtor and its respective employees, officers, members, directors, agents, shareholders, and representatives, and any professional persons employed or formerly employed by any of them, have acted in "good faith" within the meaning

of Bankruptcy Code § 1125(e) in compliance with the applicable provisions of the Bankruptcy Code and Bankruptcy Rules in connection with all their respective activities relating to the solicitation of acceptances to the Plan and their participation in the activities described in section 1125 of the Bankruptcy Code, and are entitled to the protections afforded by section 1125(e) of the Bankruptcy Code.

48. The release, injunction, and exculpation provisions contained in the Plan are fair and equitable, are given for valuable consideration, were properly noticed to holders of Claims and Interests and other interested parties in accordance with the requirements of due process and the applicable provisions of the Bankruptcy Code and Bankruptcy Rules, and are in the best interests of the Debtor and its Chapter 11 Estate.

49. Each term and provision of the Plan is valid and enforceable pursuant to its terms.

50. The Plan satisfies the requirements for confirmation set forth in section 1129 of the Bankruptcy Code.

51. The Debtor has satisfied the requirements of Bankruptcy Code § 365(b)(1) in connection with the assumption of the Assumed Executory Contracts. Each of the Assumed Executory Contracts is an executory contract or an unexpired lease of the Debtor under Bankruptcy Code § 365. All conditions under Bankruptcy code § 365 for the assumption by the Debtor of each Assumed

Executory Contract to which it is a party have been satisfied.

52. The Bankruptcy Court may properly retain jurisdiction over the matters set forth in Section 10.1 of the Plan and Bankruptcy Code § 1142. It is appropriate for this Court to retain jurisdiction to: (a) enforce and implement the terms and provisions of the Plan; (b) enforce the Assumed Executory Contracts; and (c) resolve any disputes arising under or related to the Plan.

53. Pursuant to Bankruptcy Code section 1146(c): (a) the issuance, transfer, or exchange of notes or equity securities under the Plan; or (b) the creation of any mortgage or other security interest in furtherance of, or in connection with, the Plan shall not be subject to any stamp tax, recording tax, conveyance tax, personal property transfer tax, real estate transfer tax, sales or use tax, or other similar tax.

54. Any conclusion of law later determined to be a finding of fact shall be deemed a finding of fact.

55. Based on the foregoing findings and conclusions, it is appropriate for the Court to enter the Confirmation Order.

**END OF FINDINGS OF FACT AND CONCLUSIONS OF LAW**

APPROVED AS TO FORM:

/s/ Susan Tius
_____
SUSAN TIUS, ESQ.
Counsel for Unsecured Creditors Committee

18

U.S. Bankruptcy Court - Hawaii    #15-00203    Dkt # 440    Filed 01/05/16    Page 18 of 19

/s/ Curtis B. Ching
_____
CURTIS B. CHING, ESQ.
Counsel for Office of the U.S. Trustee


/s/ Cynthia Johiro
_____
CYNTHIA JOHIRO, ESQ.
Counsel for Department of Taxation, State of Hawaii


/s/ Jonathan W.Y. Lai
_____
JONATHAN W.Y. LAI, ESQ.
Counsel for First Hawaiian Bank


/s/ Ivan M. Gold
_____
IVAN M. GOLD, ESQ.
Counsel for GGP Limited Partnership and
Prince Kuhio Plaza, LLC




Submitted by:

WAGNER CHOI & VERBRUGGE
JAMES A. WAGNER
ALLISON A. ITO
745 Fort Street, Suite 1900
Honolulu, Hawaii 96813
Telephone: (808) 533-1877
Facsimile: (808) 566-6900
E-Mail: jwagner@hibklaw.com;
aito@hibklaw.com

Counsel for Debtor
and Debtor-in-Possession

19